UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JORGE JAVIER BORBOR MALAVE,

Petitioner,

v.

WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER, *et al.*,

Respondents.

Case No. 1:26-cv-04270 (VC)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. No. 1

Petitioner Jorge Javier Borbor Malave filed a Petition for Writ of Habeas Corpus seeking release from the custody of Immigration and Customs Enforcement ("ICE"). *See* Dkt. No. 1. For the reasons stated below, the Petition is granted in part.

## I. BACKGROUND

Based on the parties' submissions, the Court finds the following facts. Petitioner entered the United States near the Lukeville, Arizona Port of Entry on August 6, 2023 and was encountered by a Border Patrol Agent. Dkt. No. 7-2 at 2; Dkt. No. 1 at 4. He was subsequently transferred to the El Centro Sector Processing Center where he appears to have been briefly detained, issued a Notice to Appear placing him in removal proceedings, and then released into the United States to pursue a claim for asylum. Dkt. No. 7-2 at 2. Thereafter, Petitioner applied for asylum and began living in Utah with his wife and daughter. Dkt. No. 1 at 1–2.

On or around January 9, 2026, Petitioner was arrested for and charged with retail theft under Utah Code § 76-6-602(2). Dkt. No. 7-5 at 5. It appears the court may have held his plea in abeyance until the charges were dismissed with prejudice on May 26, 2026. *Id*. at 6. According

to Respondents, in Utah "[s]ome Courts allow the clerk to accept a 'plea in abeyance'" where the defendant has "pled 'guilty' or 'no contest' to the charges," though it is not indicated what Petitioner pled here. *See* Utah State Court, Pleas in Abeyance, https://www.utcourts.gov/en/self-help/case-categories/criminal-justice/plea-in-abeyance.html. Petitioner was arrested by ICE on April 24, 2026 prior to the dismissal of his criminal case. He has now been detained for over four months and has not been provided the opportunity to contest his continued detention at a bond hearing as Respondents maintain that his detention is mandatory under both 8 U.S.C. § 1226(c)(1)(E)(ii) and 8 U.S.C. § 1225(b)(2). *See* Dkt. No. 7 at 2–4.

## II. DISCUSSION

The Fifth Amendment Due Process Clause prohibits government deprivation of an individual's life, liberty, or property without due process of law. *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). While noncitizens located outside the country are not granted the full protections of the Constitution, the Due Process Clause applies to all "persons" within the borders of the United States, regardless of immigration status. *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). These due process rights extend to immigration proceedings. *Id.* at 693–94; *see Demore v. Kim*, 538 U.S. 510, 523 (2003).

"[E]ven when an initial decision to detain or release an individual is discretionary, the government's subsequent release of the individual from custody creates 'an implicit promise' that the individual's liberty will be revoked only if they fail to abide by the conditions of their release." *Calderon v. Kaiser*, No. 25-CV-6695 AMO, 2025 WL 2430609, at *2 (N.D. Cal. Aug. 22, 2025) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)). As such, Courts have found that noncitizens in removal proceedings who have previously been released by immigration authorities obtain a protected liberty interest in their continued freedom. *See, e.g., Ortega v. Bonnar*, 415 F. Supp. 3d 963, 969 (N.D. Cal. 2019) ("Just as people on preparole, parole, and probation status have a liberty interest, so too does [the noncitizen] have a liberty interest in remaining out of custody on bond."); *Pinchi v. Noem*, 792 F.Supp. 3d 1025, 1032 (N.D. Cal. 2025) ("[E]ven when ICE has the initial discretion to detain or release a noncitizen pending

removal proceedings, after that individual is released from custody she has a protected liberty interest in remaining out of custody."); *He v. Lyons*, No. 25-cv-10639-JSC, 2026 WL 280074, at *3 (N.D. Cal. Feb. 3, 2026) ("Courts throughout the Ninth Circuit have concluded individuals released from immigration custody on bond have a protectable liberty interest in remaining out of custody on bond."). As Petitioner was previously released by immigration authorities to pursue his asylum claim, he has a protected liberty interest in his continued freedom.

Respondents assert, however, that this liberty interest does not prohibit Petitioner's current detention because such detention is authorized by both 8 U.S.C. § 1226(c)(1)(E)(ii) and 8 U.S.C. § 1225(b)(2). *See* Dkt. No. 7 at 2–4. The Court can quickly dispose of Respondents' argument regarding § 1225(b)(2). The Ninth Circuit has found that "noncitizens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026). And courts across this district have rejected the contention that non-citizens may be re-detained and subjected to mandatory detention under § 1225(b)(2) after being previously released by immigration authorities. *Montero-Alvarez v. Alberran*, No. 1:25-CV-1695 AC, 2025 WL 3754116, at *4 (E.D. Cal. Dec. 29, 2025) (collecting cases). The Court similarly rejects that argument here.

The applicability of § 1226(c)(1)(E)(ii) is a closer question. This section mandates the detention of an individual who is "charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person." 8 U.S.C. § 1226(c)(1)(E)(ii). According to Respondents, Petitioner's arrest and charge for shoplifting renders his detention mandatory under § 1226(c)(1)(E)(ii). Dkt. No. 7 at 2–4.

However, "courts have construed [§ 1226(c)(1)(E)(ii)] to mandate detention only when, for example, an individual is *currently* arrested for, charged with, or convicted of a qualifying offense[]" because the "subsection's clauses' successive use of the present tense track the

progression of a criminal case." *See, e.g.*, *Aguillares v. Chestnut*, No. 1:26-CV-04234-DJC-JDP, 2026 WL 2455215, at *2 (E.D. Cal. Aug. 21, 2026) (collecting cases). An individual then who "'is charged with' a qualifying offense may only be detained under this subsection until they either fall within the next clause, that is, until they are 'convicted of' or 'admit[ ] having committed' a qualifying offense or no clause applies to them anymore." *Id.*; *see also Singh v. Wofford*, No. 1:26-CV-01161-KES-EPG (HC), 2026 WL 972547, at *2 (E.D. Cal. Apr. 10, 2026) (finding § 1226(c)(1)(E) in applicable where noncitizen was arrested for, but never charged with, certain qualifying offenses); *Martinez v. Mullin*, No. 5:26-CV-03805-BFM, 2026 WL 2111747, at *4 (C.D. Cal. July 20, 2026) (same); *Jonathan D.M. v. Warden*, No. 1:26-CV-03743-TLN-SCR, 2026 WL 1733659, at *2 (E.D. Cal. June 16, 2026) (same). Following this reading of the statute, courts have found that "based on the recurring use of the present tense for each stage of the criminal process, the statute no longer requires mandatory detention when charges are resolved via acquittal or dismissal and none of the other clauses apply." *Colli-Briceno v. Rivas*, No. CV-26-02284-PHX-DWL (CDB), 2026 WL 2191447, at *3 (D. Ariz. July 29, 2026) (quoting *Helbrum v. Williams Olson*, No. 4:25-CV-00349-SHL-SBJ, 2025 WL 2840273, at *6 (S.D. Iowa Sept. 30, 2025)).

The Court finds that this section no longer mandates Petitioner's detention as he was never convicted of shoplifting and the Court cannot find, on this record, that Petitioner has admitted to committing the offense. As Petitioner's charge was dismissed, it cannot be said that he was "convicted of" a qualifying offense. *See* Dkt. No. 7-5 at 6 (showing that charge was dismissed with prejudice). And though it appears the charge was held in abeyance, suggesting that Petitioner pled either guilty or no contest to the charge, there are no records before the Court from which it can ascertain whether Petitioner actually admitted committing the offense.

Because Petitioner has a liberty interest, and may not be mandatorily detained under either § 1226(C)(1)(E) or § 1225(b)(2), he is entitled to process commensurate with that interest. Many courts have applied the test established by the Supreme Court in *Mathews v. Eldridge* in considering what process is due in the immigration context. *See Rodriguez Diaz v. Garland*, 53

F.4th 1189, 1206 (9th Cir. 2022). There are three factors relevant to the due process inquiry under the *Mathews* framework: (1) "the private interest that will be affected by the official action," (2) "the risk of an erroneous deprivation ... and the probable value, if any, of additional or substitute procedural safeguards," and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

As to the first *Mathews* factor, the Court finds that Petitioner has a substantial private interest in remaining out of immigration custody because he has been released pending civil removal proceedings for nearly three years. During those years he has developed ties in his community, applied for asylum, and lived at liberty with his wife and daughter. "[His] detention denies [him] that freedom." *Omer G.G. v. Kaiser*, 815 F. Supp. 3d 1098, 1111 (E.D. Cal. 2025).

Turning to the second factor, there is a risk of erroneous deprivation because Petitioner has not been afforded a hearing. The record, however, shows that Petitioner may have violated the terms of his release when he was arrested in January 2026, and as Petitioner was still "charged" with the relevant offense when he was detained, ICE at the time had at least a colorable basis for his continued detention. The relevant question, however, is whether that event constitutes changed circumstances or justifies Petitioner's continued detention. Thus, the Court concludes that prompt, post-deprivation process is required here.

The final *Mathews* factor also weighs in Petitioner's favor. Although the Government has a strong interest in enforcing the immigration laws, its' interest in detaining Petitioner without a hearing is "low." *Ortega v. Bonnar*, 415 F. Supp. 3d at 970; *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093–95 (E.D. Cal. 2025). In immigration court, custody hearings are routine and impose a "minimal" cost. *Id*. at 1094. Providing Petitioner with a post-deprivation hearing here would impose a minimal burden on the Government relative to the due process concerns.

## III. CONCLUSION AND ORDER

For the reasons stated above, the Petition is GRANTED in part. IT IS HEREBY ORDERED that:

1. Petitioner SHALL be provided a *substantive* bond hearing within fourteen (14) days at which an Immigration Judge will determine whether Petitioner poses a risk of flight or a danger to the community if he is released. The hearing may be continued upon Petitioner's request.

2. At any such hearing, the Government SHALL bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight. Petitioner SHALL be allowed to have counsel present.

3. The Clerk of the Court is directed to close this case and enter judgment for Petitioner.

**IT IS SO ORDERED.**

Dated: September 9, 2026

VINCE CHHABRIA
United States District Judge